UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANA BERTHA MOSQUEDA,

    Plaintiff,

v.

                          Case No. 2:24-CV-00809-SPC-KCD

WALGREENS PHARMACY,

    Defendant,
_____/

## **REPORT & RECOMMENDATION**

Ana Bertha Mosqueda sued Walgreens Pharmacy in September, alleging it violated 42 U.S.C. § 1983 when it failed to fill her prescription. (*See* Doc. 1 at 3.)[1] Five months later, the case remains at the starting gate. That's because Mosqueda refuses to serve Walgreens. (*See* Docs. 3, 5.)

"Constitutional due process requires that litigants have notice of an action brought against them and an opportunity to be heard. Thus, after a complaint is filed, a plaintiff is responsible for having the summons and complaint served on a defendant." *Goggin v. LVNV Funding, LLC*, No. 2:24-CV-566-SPC-KCD, 2024 WL 4056446, at *1 (M.D. Fla. Sept. 5, 2024). This is "a jurisdictional requirement." *Garvich v. Georgia,* No. 21-10679, 2022 WL

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

1531701, at *1 (11th Cir. May 16, 2022). "[A] court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Id.*

The Court has twice directed Mosqueda to serve Walgreens. (*See* Docs. 3, 5.) Each time, it warned that "[f]ailure to respond will result in the case being dismissed without further notice." (*Id.*) Despite these warnings, Mosqueda has done nothing.

Ignoring the Court's order is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage the docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Mosqueda has not diligently prosecuted this case. She ignored the Court's orders and refuses to serve Walgreens, which shows a lack of interest. Thus, the Court should dismiss this matter without prejudice.

**Recommended** in Fort Myers, Florida on February 11, 2025.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.